**UNITED STATES of America,**

v.

**Francis J. BURNETT, Defendant.**

**No. 8:11–CR–120 (GLS).**

United States District Court,
N.D. New York.

May 18, 2011.

Richard S. Hartunian, United States Attorney, Of Counsel: Daniel C. Gardner, Assistant U.S. Attorney, Albany, NY, for the United States.

Nino V. Tinari & Associates, Of Counsel: Nino V. Tinari, Esq., Philadelphia, PA, for Defendant.

## *MEMORANDUM–DECISION AND ORDER*

GARY L. SHARPE, District Judge.

Following his indictment for possession with intent to distribute 500 grams of methamphetamine, defendant Francis Burnet filed a series of pretrial motions, to which the government responded. (*See* Dkt. Nos. 3, 10–16, 17.) Burnet's motions violate both the Criminal Pretrial Order (CPO) governing his case and the Local Rules of Criminal Procedure. (*See* Dkt. No. 4.) The motions also ignore this court's prior compliance decisions. Accordingly, unless otherwise noted, the motions are denied with leave to renew after full compliance with the CPO and Local Rules.

In general, Burnet seeks the following relief: (1) suppression of unspecified physical evidence and statements for unspecified, generic reasons predicated on unspecified violations of the Fourth, Fifth, and Sixth Amendments of the United States Constitution, (Dkt. No. 10); (2) disclosure of material pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), (Dkt. No. 11); (3) disclosure of discovery material pursuant to FED. R.CRIM. PROC. 16, (Dkt. No. 12); (4) disclosure of matters related to witnesses and so-called FED.R.EVID. 404(b) evidence, (Dkt. Nos. 12, 14); (5) early disclosure of Jencks Act material, (Dkt. No. 13); (6) an order requiring preservation of agent notes, (Dkt. No. 15); and (7) permission to file additional motions, (Dkt. No. 16). The government's response is accompanied by a March 18, 2011 letter documenting disclosures made to Burnet in compliance with the CPO and Local Rules. (*See* Dkt. No. 17:1.)

■ As the court has repeatedly stated, the CPO and Local Rules related to discovery, motion practice, and other criminal pretrial matters "mandate the following: those seeking pretrial relief *must* specifically identify the relief sought, *must* recite the factual and legal bases for the requests, and *must* recite the measures employed to obtain relief without judicial intervention." *United States v. Vasconcellos,* 658 F.Supp.2d 366, 372 (N.D.N.Y.2009) (citing *United States v. Miller,* 382 F.Supp.2d 350, 355, 359–61 (N.D.N.Y. 2005); *United States v. DeLouya,* No. 1:04CR588, 2005 WL 3244173, at *5–7 (N.D.N.Y. Nov. 30, 2005); *United States v. Tudoran,* 476 F.Supp.2d 205, 216 (N.D.N.Y.2007)); *see also United States v. Elliott,* 363 F.Supp.2d 439, 442–46 (N.D.N.Y.2005).

■ The last of these mandates relates to the "certification requirement" set forth in the CPO and Local Rules. Under the certification requirement, "[n]o attorney shall file a discovery motion without first conferring with opposing counsel, and no motion shall be considered by the Court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel." CPO ¶¶ II.G, III.B; N.D.N.Y. L.R. CRIM. P. 12.1(b); *see also Vasconcellos,* 658 F.Supp.2d at 373. Burnet's discovery motions were apparently filed after he received the government's disclosure, (*see* Dkt. No. 17:1), but they contain no certification.

■ Equally important, suppression motions have independent requirements.

*See, e.g., Elliott,* 363 F.Supp.2d at 444–46; *see also* N.D.N.Y. L.R.CRIM. P. 12.1(e); CPO ¶ III.B. When filing such a motion, the defendant must confer with the government and file a written report with the court stating, inter alia: "1) whether the parties agree or disagree that the requested relief is appropriate, [and] 2) whether a hearing is necessary to resolve factual disputes." CPO ¶ III.B. A hearing will be scheduled if the defendant and the government agree that one is necessary. *See* N.D.N.Y. L.R.CRIM. P. 12.1(e). Burnet's motion mentions no conference and contains no certification. Absent agreement, Burnet's motion must be accompanied by an affidavit, based upon personal knowledge, setting forth facts which, if proven true, would entitle him to relief. *See id.* Burnet's motion contains no such affidavit. Absent compliance, critical questions—and severe consequences—may arise regarding whether the right to a hearing is waived in part or in whole, or whether certain substantive issues are waived. *See, e.g., Miller,* 382 F.Supp.2d at 359–66; *see also Tudoran,* 476 F.Supp.2d at 216–18 (outlining a defendant's burden of production to establish an entitlement to a suppression hearing).

Although Burnet has failed to comply with the CPO, the Local Rules, and this court's prior decisions, the government's response offers some insight insofar as a suppression hearing is concerned. (*See* Gov't Resp. at 2–6, Dkt. No. 17.) The entire encounter between Burnet and federal agents began with a warrantless vehicle stop on March 2, 2011. Following the stop, physical evidence was seized and Mirandized statements were obtained.

Because the government concedes that a warrantless stop occurred, a suppression hearing is necessary to determine whether an exception to the Fourth Amendment's warrant requirement justified the stop. If the stop was unconstitutional, there are obvious issues as to whether subsequent searches or statements were tainted by the stop. However, by operation of the government's apparent concession, those are the *only* issues preserved for a hearing. Absent a defense affidavit particularizing specific additional relief supported by fact and law, the stop is therefore the only issue the court will consider. Alternatively, Burnet may submit a written agreement with the government that particularly describes what he seeks to suppress, the legal bases he asserts in support of suppression, and the government's countering bases for non-suppression. Burnet is warned that generic references to the Constitution will not suffice and, absent the government's consent regarding the issues to be resolved, there must be an affidavit based on personal knowledge demonstrating his entitlement to the relief sought.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that Burnet's motions for discovery and miscellaneous pretrial relief are **DENIED,** with leave to renew following full compliance with the Federal and Local Rules and with the Criminal Pretrial Order; and it is further

**ORDERED** that in connection with Burnet's motion to suppress, the Clerk is directed to schedule a suppression hearing limited to issues regarding the constitutionality of the stop of Burnett's vehicle and any subsequent taint should the court find the stop unconstitutional; and it is further

**ORDERED** that Burnet is **GRANTED** leave to expand the issues to be resolved at a suppression hearing by complying with one of the alternative requirements recited in this Order no later than **seven (7) days** before the scheduled hearing; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum–Decision and Order to the parties.

**IT IS SO ORDERED.**